STATE OF MAINE
YORK, ss.

SUPERIOR COURT
Civil Action
Docket No. CV-16-0222

KATHERINE R. CHABOT-BOUCHER,

Plaintiff

v.

JOHN GROVER and DEAD RIVER
COMPANY,

Defendants

**ORDER ON MOTION TO
QUASH SUBPOENA &
MOTION TO STRIKE**

Before the court in this personal injury action are Defendant John Grover's motion to quash the subpoena served on Attorney Rick Winling, and Plaintiff's motion to strike the accident report and certain assertions therein offered by Defendant in opposing the motion to quash.

**1. Motion to Quash**

On June 16, 2016, Plaintiff was cycling on Route 112 in Buxton; Grover was operating a Dead River Company truck, traveling in the same direction. Just after 1:00 pm, Grover passed Plaintiff. Moments later there was a collision. Precisely how the collision occurred is disputed. The parties do not dispute, however, that at the time of the collision, Grover was talking by cell phone with Attorney Rick Winling, who was representing Grover in connection with a separate, unrelated legal matter.

Grover was using his Dead River Company cell phone; Winling was using his business phone, the number of which is identified in the subpoena. Through earlier discovery in this case, Plaintiff requested and the court ordered production of call and text records for all cell phones used by Grover during the 60 days prior to June 16, 2016.

1

She now seeks production of "a copy of all phone and text message records for the phone number (207) 459-9635 from June 16, 2016 to June 17, 2016."[1] The phone number is Winling's business cell phone. Grover has moved to quash a subpoena served on Winling to produce the records requested. Winling has joined in the motion to quash. They assert attorney-client privilege as the basis for the motion.

As an initial matter, the request is overbroad in two respects. The request for "all phone and text message records" from Winling's business phone potentially encompasses information reflecting contacts between Winling and other individuals and/or clients who are unrelated to this case. That is not reasonably calculated to lead to discovery of admissible evidence in this matter. M. R. Civ. P. 26(b)(1). Narrowing the request to include only phone and text message records reflecting contact with Grover does not fully cure the Rule 26(b)(1) issue. Even as to Grover's contacts, the 48-hour time frame is too broad, and may not be "reasonably calculated to lead to the discovery of admissible evidence" in this matter. The further removed in time from 1:00 pm on June 16, 2016, the less likely that calls and texts are relevant, or would lead to the discovery of admissible evidence in this case.

With respect to the attorney-client privilege, records that contain or reflect the content of communications between Grover and Winling are likely privileged. *See* M.R. Evid. 502(a)(5). Records that merely identify the existence of a communication or facts about when a communication occurred are not privileged. *See United States v. Kinsella*, 545 F. Supp. 2d 148, 150-51 (D. Me. 2008); Field & Murray, *Maine Evidence* § 502.4 at 291 (6th ed. 2007).

---

[1] The records in issue have not been submitted to the court.

Here, Plaintiff states she is seeking:

"disclosure of records revealing the timing of <u>non-privileged</u> communications between Attorney Winling and Defendant Grover to prove that Grover was regularly in communication with his attorney at or around the time of the crash, engaged in distracted driving at or around the time of the crash and continued to engage in distracted driving by communicating with Attorney Winling while operating a fuel truck on Maine public ways even after causing the tragic collision involving Ms. Chabot-Boucher."

(Pl. Opp., 4-5) (emphasis in original). To the extent the request is limited to records that disclose the existence, date, time, and phone numbers relating to calls and texts made "at or around the time of the crash," it is within the scope of Rule 26(b)(1) and the attorney-client privilege does not preclude disclosure. This would include calls or texts made at or shortly before the collision, but not calls or texts made after the collision.

2. **Plaintiff's Motion to Strike**

Plaintiff's motion to strike the police report (and statements therein) relating to the June 16, 2016 incident is denied. Neither the statute nor rule cited by plaintiff would preclude the court from considering the report. *See* 29-A M.R.S. § 2251(7) (2016) Section 2251(7) ("report or statement contained in [an] accident report . . . may not be admitted in evidence in any *trial*, civil or criminal, arising out of the accident."); M.R. Evid. 101(b)(1) (rules of evidence do not apply determination of a preliminary question of fact governing admissibility); *Rich v. Fuller*, 666 A.2d 71, 74 (Me. 1995) ("existence of a privilege is a preliminary question for the court"). Moreover, the court did not resort to or rely upon the report (or facts reflected therein) in evaluating the motion to quash.

3. **Order**

In accordance with the foregoing it is hereby ordered as follows:

1. Defendant John Grover's motion to quash is GRANTED IN PART and

DENIED IN PART as follows:

     a. The motion is DENIED with respect **any phone or text message records indicating the existence, date, and time of, and the phone number(s) involved in, communications between phone number (207) 459-9635 and any cell phone or other phone owned, paid for, and/or used by Defendant John Grover from 9:00 am to the time of the collision on June 16, 2016.**

     b. The motion is GRANTED in all other respects pertaining to any and all other phone and text message records for number (207) 459-9635.

2. Within 30 days of the date this order enters, Attorney Winling shall produce to all counsel in this action a copy of the phone and text message records of phone number (207) 459-9635, redacted so as to reflect only the **bolded information** specified in paragraph 1 of this order, above.

3. Plaintiff's motion to strike is DENIED.

SO ORDERED.

Date: June 30, 2017

                                  Wayne R. Douglas
                                  Justice, Maine Superior Court

4